IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA VERONICA RAMIREZ *Plaintiff,* | § § § | |
| vs. | § § | CIVIL ACTION NO. 23-CV-08 |
| AUTO LINEAS RTG SA de CV DBA HAULER CARGO & INTERNATIONAL SERVICE *and* ARMANDO GARZA RICARIO *Defendants.* | § § § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff, MARIA VERONICA RAMIREZ., and files this Original Complaint complaining of and about ARMANDO GARZA RICARIO ("RICARIO") and AUTO LINEAS RTG SA de CV DBA HAULER CARGO & INTERNATIONAL SERVICE (hereinafter "AUTO LINEAS"), Defendants, and for cause of action would respectfully show unto this Court as follows:

1.
Parties and Service

1.1   Plaintiff, Maria Veronica Ramirez, is an individual residing in Brownsville, Cameron County, Texas, and brings this action individually.

1.2   Defendant, Armando Garza Ricario, is an individual residing in Matamoros, Tamaulipas, Mexico, and may be served with process by serving the Chairman of the Texas Transportation Commission, J. Bruce Bugg, Jr., at 125 E. 11th Street, Austin, Texas 78701, who can forward process to Armando Garza Ricario at the following address:  C6 Entre Lucio Blanco y Minos, H. Matamoros, Tamaulipas, Mexico.

1.3     Defendant, AUTO LINEAS RTG SA de CV DBA HAULER CARGO & INTERNATIONAL SERVICE is a foreign corporation organized and existing under the laws of Mexico and may be served with process by serving the registered agent for the company, Ruben Trevino Sanchez located at 15 Zacatecas, Brownsville, Texas 78521.

## 2.
## Jurisdiction and Venue

2.1     This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

2.2     Venue is proper in this matter pursuant to Title 28 U.S.C. §1391(b) because the cause of action arose within the Southern District of Texas, Brownsville Division.

2.3     Venue is proper in this district under 28 U.S.C. §1402(b) because the acts and omissions complained of occurred in this district.

## 3.
## Factual Background

3.1     This lawsuit arises from a motor vehicle collision that occurred on or about November 24, 2021.  At approximately 8:42 a.m., Ms. Ramirez was the restrained driver of a 2015 Nissan Sentra that was stationary for a red traffic light on the inner northbound lane of the 4500 block of SH 48 Padre Island Blvd in Brownsville, Cameron County, Texas.

3.2     At said date, time, and location, Defendant Ricario was operating a 2018 Kenworth tractor, while towing a trailer, and also traveling north on SH 48, while in the course, scope, and in furtherance of his employment with Defendant Auto Lineas.  The collision occurred when Defendant Ricario suddenly and unexpectedly failed to control his speed and forcefully rear-ended

Ms. Ramirez's vehicle. The force of the impact caused Ms. Ramirez's vehicle to crash into a tractor stopped in front of her vehicle.

3.3     As a direct and proximate result of the collision, Plaintiff has suffered physical and emotional injuries and damages.  As a result of the physical and emotional injuries, Plaintiff has incurred reasonable and necessary medical expenses and, in all probability, will continue to incur reasonable and medical expenses well into the future.

3.4     At the time of the collision, Defendant Ricario was an employee of Defendant Auto Transportes and was acting within the course, scope, and in furtherance of his employment.  Pleading further and in the alternative, Defendant Ricario was a statutory employee under the Statutory Employee Doctrine.  In this regard, and interstate motor carrier such as Defendant Auto Transportes is required to assume full direction and control of the vehicles that it leases, and the drivers that it hires or dispatches, pursuant to 49.U.S.C.A. §14102(a) (1997).  As a result, Defendant Auto Transportes had exclusive control of the tractor-trailer combination operated by Defendant Ricario, and such carriers are deemed to have assumed complete responsibility for the operation of the commercial motor vehicle at all relevant times, in accordance with 49 C.F.R. §§376.11-.12 (2000).  Thus, Defendant Auto Transportes is vicariously liable, as a matter of law under the Federal Motor Carrier Safety Regulations for any and all negligent acts and/or omissions committed by Defendant Ricario.

3.5     Alternatively, Defendant Auto Transportes is vicariously liable with respect to all negligent acts and/or omissions by Defendant Ricario under traditional common-law doctrines of the master-servant relationship and *respondeat superior*.

# 4.
## Cause of Action Against Defendant Ricario

4.1     Defendant Auto Transportes is the responsible party for the actions of its employee, Defendant Ricario, who was acting within the course and scope of his employment.

4.2     Under the doctrine of *respondeat superior*, Defendant Auto Transportes, is vicariously liable for the actions of its employee, Defendant Ricario, while in the course and scope of his employment.  The collision and resulting injuries and damages were proximately caused by the negligent acts and/or omissions of Defendant Auto Transportes's employee in one or more of the following particulars:

    4.2.1   In that Defendant Ricario failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    4.2.2   In that Defendant Ricario failed to drive at a speed that is reasonable and prudent under the circumstances in violation of §545.062 of the Texas Transportation Code;

    4.2.3   In that Defendant Ricario failed to keep a proper lookout in order to avoid colliding with other vehicles, specifically, with Plaintiff's motor vehicle, as done by a person of ordinary prudence under the same or similar circumstances;

    4.2.4   In that Defendant Ricario failed to apply his brakes to his motor vehicle in a timely and prudent manner;

    4.2.5   In placing Plaintiff in a position of peril due to Defendant Ricario's lack of due care and exercise of ordinary prudence of a person of his maturity and capacity § 545.401 of the Texas Transportation Code;

    4.2.6   In failing to control his speed or take evasive action to avoid colliding with Plaintiff's vehicle;

    4.2.7   In failing to use the tractor's horn, lights, and/or other equipment to warn Plaintiff of the impending collision;

    4.2.8   Defendant Ricario operated his vehicle in violation of hours of service regulation, 49 C.F,R, 395.3, and when too tired to do so safely, in violation of 49 C.F.R. 392.3;

4.2.9 Defendant Ricario failed to properly record his duty status, in violation of 49 C.F.R. 395.8;

4.2.10 Defendant Ricario failed to properly inspect his vehicle prior to operation, in violation of 49 C.F.R. 36.13;

4.2.11 Defendant Ricario operated his vehicle in an unsafe condition, in violation of 49 C.F.R 396.7;

4.2.12 Defendant Ricario failed to properly report the results of the vehicle inspections, in violation of 49 C.F.R 396.11;

4.2.13 Defendant Ricario drove a vehicle he was not qualified to operate because he did not meet the driver qualification standards of 49 C.F.R 391.21 through 49 C.F.R 391.27 and 49 C.F.R391.15; and/or

4.2.14 Defendant Ricario was distracted for using an electronic device while driving.

4.3 Plaintiff's injuries were proximately caused by Defendant Ricario's negligent, careless and reckless disregard of said legal duties.

4.4 Each of these acts and/or omissions, whether taken singularly or in any combination, constituted negligence, negligence per se, and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff has suffered and which Plaintiff will continue to suffer in the future.

4.5 The above-referenced acts and/or omissions by Defendant Ricario constituted gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Defendant Ricario was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Ricario was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

4.6     Defendant Ricario's acts or omissions described above, when viewed objectively from his standpoint at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

4.7     Defendant Ricario had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

4.8     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## 5.
## Causes of Action Against Defendant Auto Transportes

5.1     Defendant Auto Transportes is liable under the doctrine of *respondeat superior* in that Defendant Ricario was operating the vehicle in the course and scope of his employment with Defendant Auto Transportes at the time of the collision, and Defendant Ricario was engaged in the furtherance of Defendant Auto Transportes's business.

5.2     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Ricario was engaged in accomplishing a task for which Defendant Ricario was employed. Thus, Plaintiff invokes the legal doctrine of *respondeat superior* against Defendant Auto Transportes.

5.3     Furthermore, Defendant Auto Transportes was independently negligent in one or more of the following respects:

   a.   negligent hiring of Defendant Ricario;
   b.   negligent entrustment of the vehicle to Defendant Ricario;
   c.   negligent driver qualification of Defendant Ricario;
   d.   negligent training and supervision of Defendant Ricario;
   e.   negligent retention of Defendant Ricario;
   f.   negligent contracting of Defendant Ricario; and,
   g.   negligent maintenance of the subject commercial motor vehicle.

5.4     As described herein, Defendant Auto Transportes was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

5.5     Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which she will continue to suffer in the future, as well as the damages and other losses to Plaintiff.

5.6     The above-referenced acts and/or omissions by Defendant Auto Transportes constituted gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the Texas CIVIL PRACTICE & REMEDIES CODE. Defendant Auto Transportes was heedless and reckless, and their actions constituted an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

5.7     Defendant's acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

5.8     Defendant had actual, subjective awareness of the risk involved, but still proceeded in the indifference to the rights, safety, or welfare of Plaintiff and others.

5.9     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

# 6.
## Exemplary Damages

6.1     Plaintiff's injuries resulted from the Defendants' gross negligence, and therefore Plaintiff is entitled to exemplary damages under section 41.003 (a) of the Texas Civil Practice & Remedies Code.  The above-referenced acts and/or omissions by Defendants also, or alternatively, constitute malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code.

6.2     Therefore, for such gross negligence and/or malice on behalf of Defendants, Plaintiff respectfully requests exemplary damages in an amount to be determined by a jury.

# 7.
## Damages for Maria Veronica Ramirez

7.1     As a direct and proximate result of the actions of Defendants as set forth above, Plaintiff, Maria Veronica Ramirez, sustained personal injuries which have resulted in losses and damages recoverable by law.

7.2     Plaintiff would respectfully request the Court to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from physical and mental pain and suffering.  There are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred in the future.

7.3     From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

7.3.1 Reasonable medical care and expenses in the past. These expenses were incurred by the Plaintiff, Maria Veronica Ramirez, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Texas;

7.3.2 Physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;

7.3.3 The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and

7.3.4 The damages resulting from the mental anguish suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform;

7.4 From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are the following:

7.4.1 The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

7.4.2 Physical pain and suffering that the Plaintiff will suffer in the future beyond the time of trial;

7.4.3 The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial;

7.4.4 Loss of earning capacity in the past and which will, in all probability be incurred in the future; and

7.4.5 The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

## 8.
## Interest on Damages

8.1 To the extent provided by law, Plaintiff further pleads for *pre* and *post* judgment interest, at the highest prevailing judgment rate allowed by law, on any damages awarded by this

Court. Plaintiff pleads that if he is not allowed such pre and post judgment interest, he would not be fully compensated, and that he would be denied an opportunity to earn interest on the damages Plaintiff sustained between the time of the incident and the time of judgment.

9.
Jury Demand

9.1    Plaintiff requests a trial by jury.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Maria Veronica Ramirez, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: /s/ *Daniel Torres*
Daniel A. Torres
State Bar No. 24046985
Fed Id. 573645
daniel@jvlawfirm.com
Javier Villarreal
State Bar No. 24028097
jv@jvlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

**Of Counsel:**
**LAW OFFICES OF JAVIER VILLARREAL, P.L.L.C.,**
2401 Wildflower Drive, Suite A
Brownsville, Texas 78520
Tel: (956) 544-4444
Fax: (956) 550-0877